**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| FEDERICO DIAZ PONCE, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-170-MAL |
| | ) | |
| SAMUEL OLSON, et al., | ) | |
| | ) | |
| *Respondents.* | ) | |

**MEMORADUM AND ORDER**

The Court has reviewed and considered Petitioner Federico Diaz Ponce's Petition for Writ of Habeas Corpus. (Doc. 1). Diaz Ponce is not entitled to relief. The Petition is denied.

**LEGAL STANDARD**

"Writs of habeas corpus may be granted by … the district courts … within their respective jurisdictions." 28 U.S.C. § 2241(a). A writ of habeas may be extended to a prisoner who "is in custody under or by color of the authority of the United States ..." 28 U.S.C. § 2241(c)(1). A petitioner is entitled to a writ of habeas corpus, or an order for the respondent to show cause why a writ should not be granted, "unless it appears from the application that the applicant … is not entitled thereto." 28 U.S.C. § 2243. "It is the right and duty of a federal court to make a preliminary examination to determine whether a petition for a writ of habeas corpus discloses upon its face sufficient basis for the issuance of the writ, and to dismiss the petition if it does not." *Banks v. O'Grady*, 113 F.2d 926, 926 (8th Cir. 1940).

**DISCUSSION**

Federico Diaz Ponce is a Mexican citizen who does not have United States citizenship and who entered the United States without inspection. *See* (Doc. 1 at 9). He has since been detained by Immigration and Customs Enforcement. (Doc. 1 at 3). Ponce does not contest that his detention is authorized by statute. (Doc. 1 at 12). Rather, he contends that *continued detention without a bond hearing* violates his due process rights under the Fifth Amendment of the United States Constitution. (Doc. 1 at 11–13).

As this Court has previously held, mandatory detention of certain categories of aliens (such as those present without inspection, like Ponce) without a bond hearing does not violate due

1

process. *See Bushuev v. Immigr. & Customs Enf't & Removal Operations*, No. 1:25-CV-213 MAL, 2026 WL 352873, at *3 (E.D. Mo. Feb. 9, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 526 (2003), *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024), and *Carlson v. Landon*, 342 U.S. 524 (1952)); *see also Sangwan v. Warden,* No. 1:26-CV-71-MAL, 2026 WL 1469187, at *2 (E.D. Mo. May 26, 2026). An alien may be detained without violating due process "even if the alien is neither dangerous nor a flight risk." *Bushuev*, 2026 WL 352873 at *3 (citing *Demore,* 538 U.S. at 524–25, 531). This is true even if there is an individualized finding that a particular alien is not a danger or a flight risk. *See Demore,* 538 U.S. at 524–25. Ponce's detention does not violate the Fifth Amendment's substantive due process requirements.

CONCLUSION

For the aforementioned reasons, the Petition for Writ of Habeas Corpus, Doc. 1, is **DENIED** and **Dismissed**.

Dated this 16th day of July, 2026.

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

2